## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

   vs.                 **Case No. 07-40126-03-RDR**

ANTONIO LIZARRAGA-TIRADO,

        Defendant.

_____

## O R D E R

Defendant is charged as an adult with felony drug crimes involving the trafficking of methamphetamine and cocaine in 2006 and 2007.  There are several other defendants.  This case is now before the court upon defendant's motion to dismiss and for transfer of custody from adult detention.  Defendant claims that he is a juvenile and, therefore, this court does not have jurisdiction to consider this case.  The Federal Juvenile Delinquency Act, 18 U.S.C. § 5032, provides that federal courts have no jurisdiction over juveniles charged with the crimes alleged in this case unless the case has been certified for prosecution by the Attorney General or his specified representatives.  U.S. v. Wong, 40 F.3d 1347, 1363 (2d Cir. 1994) cert. denied, 516 U.S. 870 (1995).  No such certification has been filed in this case.

Defendant's motion obviously requires the court to make a finding regarding his age.  Defendant's correct name is also at issue.  Defendant's name is listed in the indictment as Antonio

Lizarraga-Tirado.  Defendant claims that his correct name is Juan Carlos Guzman Gonzalez.  The court has taken evidence at three hearings on defendant's motion.

The initial burden of proving defendant's age falls on the government which must provide prima facie proof of defendant's adult status.  If this burden is met, then defendant must come forward with evidence of his juvenile status.  If defendant comes forward with such evidence, the government has the opportunity to rebut with any additional information.  The court must determine the issue on the basis of a preponderance of the evidence.  U.S. v. Salgado-Ocampo, 50 F.Supp.2d 908, 909 (D. Minn. 1999); see also, U.S. v. Alvarez-Porras, 643 F.2d 54, 66-67 (2nd Cir. 1981).

The evidence in this matter is conflicting.  When defendant first appeared in this case on November 6, 2007, he stated under oath that his name was Antonio Lizarraga-Tirado and that he was 21 years old.  He told an immigration enforcement agent and a DEA agent the same things when he was interviewed after his arrest.  This is consistent with a Mexican driver's license identification card which defendant carried.

However, on November 12, 2007 defendant's counsel filed the instant motion indicating that defendant is a juvenile.  Defendant has testified that his real name is Juan Carlos Guzman Gonzalez and that he is a juvenile.  He has indicated in testimony that his birth date is December 15, 1991.  But, it appears that his actual

position is that his birth date is December 15, 1990. This is consistent with the birth certificates which have been submitted to the court. These documents show that Juan Carlos Guzman Gonzalez was born on December 15, 1990 in Mazatlan, Sinaloa in Mexico and that his father was Juan Carlos Guzman Carmona (age 17) and his mother was Guadalupe Gonzalez Molina (age 16). School documents have also been entered into evidence from Secondary School Tecnica No. 57 in Mazatlan, Sinaloa. The records contain what appears to be a youthful picture of defendant and show his name as Juan Carlos Guzman Gonzalez with a birth date of December 15, 1990.

Defendant testified that the driver's license he carried with the name Antonio Lizarraga-Tirado was an invalid license which he purchased in Mexico. The license has defendant's picture on it. Defendant had this license when he was stopped for a traffic violation in Topeka, Kansas in May 2007. (Transcript of motions hearing 11/27/2007, Doc. No. 104, p. 17).

Defendant testified that a co-defendant told him before his first appearance in court to maintain that he was Antonio Lizarraga-Tirado and to lie about his age. Defendant said he was told that he would be released soon. Some time after the first appearance and after hearing the penalties attached to the alleged crimes, defendant said he told his counsel that he was a juvenile.

Juan Carlos Guzman Carmona testified before the court on March 11, 2008. He bears a facial resemblance to defendant. He told the

court that he was defendant's father.  He testified that he was 34 years old and that he has never been in the United States before. He received a special permit to come to the United States to testify in court.  He said that he did not marry defendant's mother, but that he was married to another woman with whom he has had five children, the oldest of which is 13 years old.  He testified that defendant's mother is Guadalupe Molina and that defendant was raised by his maternal grandmother.  He stated that he last saw defendant in Mexico seven months ago or more.

Dr. Ronald Gier testified in this matter.  Dr. Gier is a long-practicing licensed dentist who has studied and taught forensic ordontology for decades.  Forensic ordontology involves the use of bite marks and dental examinations to identify people or estimate their age.  He has testified previously in other courts on the subject and in his testimony given an opinion regarding age on the basis of a dental examination.  He was qualified as an expert in this case.

Dr. Gier performed a dental examination upon defendant on December 7, 2007.  This examination included a panoramic dental x-ray which was used to determine the development of defendant's wisdom teeth.  None of defendant's wisdom teeth had erupted.  The wisdom teeth were impacted - blocked by other teeth - and could not erupt.  The somewhat fuzzy x-ray done in this case showed extensive root development.  On the basis of the root development of

defendant's wisdom teeth and his other molars, Dr. Gier concluded that defendant was 18 years old or older.  He testified that he thought defendant was probably 19 or 20 years old.

After a careful consideration of the evidence presented, the court finds that the government has satisfied its prima facie burden of proving that defendant was over the age of 18 at the time of the crimes allegedly committed in this case.  The court further finds that defendant has come forward with evidence demonstrating that he is a juvenile.  We conclude that the government has not established by a preponderance of the evidence that defendant was 18 years old at the time of the commission of the offenses alleged in the indictment.

The court finds that defendant's testimony in this court was credible, as was the testimony of Juan Carlos Guzman Carmona, who claimed to be defendant's father.  Their testimony is corroborated by the documentary evidence.  The prior statements of defendant on or about the time of his arrest and his arraignment appear to the court to be prevarications designed to maintain consistency with a false identification adopted to facilitate defendant's activities as an illegal alien in this country.

Dr. Gier's testimony does not have sufficient weight to overcome the defense testimony and the documents entered into evidence.  Dr. Gier has provided an estimate of defendant's age based upon his examination of defendant and his considerable

experience and training.  However, the court believes this estimate has a margin of error which leads the court to find in this case that the preponderance of the evidence supports a holding that defendant was below the age of 18 during the crimes alleged in the indictment.  The literature offered by the government with its post-hearing brief in this case (Doc. No. 111) describes the margin of error which surrounds the estimation of a person's age by an examination of wisdom teeth.  In addition, we note that the lack of clarity in the x-ray examination could interfere with the assessment of the root development of defendant's wisdom teeth.

Accordingly, the court shall dismiss the indictment against defendant for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 10th day of April, 2008 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge